**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Irene Niezgoda, ) | |
| ) | C.A. No.: 2:16-cv-636-PMD |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Paris & Potter Management Corporation ) | |
| d/b/a KFC Restaurant, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Olen Construction, Inc., Lacy Williams ) | |
| Concrete Services, and Engineering and ) | |
| Technical Services, Inc., ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

This matter is before the Court on Third-Party Defendant Engineering and Technical Services, Inc.'s ("ETS") motion to dismiss (ECF No. 21). For the reasons set forth herein, ETS' motion is denied.

**BACKGROUND**

This action arises out of Plaintiff Irene Niezgoda's slip and fall at a Kentucky Fried Chicken restaurant in Pawley's Island, South Carolina. Niezgoda alleges that she tripped on the restaurant's defective entranceway and suffered damages as a result. Defendant Paris & Potter Management Corporation d/b/a KFC Restaurant ("KFC") denies that allegation. However, KFC has also asserted third-party claims against ETS and several other subcontractors, claiming that if the entranceway was defective, then those subcontractors created the defect.

### PROCEDURAL HISTORY

KFC removed this action from the Georgetown County Court of Common Pleas on February 29, 2016. KFC filed its third-party complaint on September 27. ETS then filed the instant motion on October 24, and KFC responded on November 8. No reply was filed. Accordingly, this matter is now ripe for consideration.

### LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Our courts use "a 'two-pronged approach'" to assess the legal sufficiency of a complaint. *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the complaint must "contain factual allegations in addition to legal conclusions." *Id.* Under Rule 8's pleading standard, "'a formulaic recitation of the elements of a cause of action will not do,'" *id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion, the court must accept as true all of the facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

ETS' motion is based on South Carolina Code section 15-36-100(B), which requires a party asserting professional negligence claims to file an affidavit of an expert witness contemporaneously with the complaint. If the party fails to do so, section 15-36-100(B) provides that the complaint is subject to dismissal for failure to state a claim. Here, when KFC filed its

3

third-party complaint against ETS, it failed to attach such an affidavit. Thus, ETS filed the instant motion.

This Court has previously held that section 15-36-100(B) does not apply when the complaint alleges a professional negligence claim against a corporation or other business entity. *See Oakman v. Lincare Inc.*, No. 1:13-cv-428-JMC, 2013 WL 3549848, at *5 (D.S.C. July 10, 2013). In *Oakman*, Judge Childs determined that the plain language of section 15-36-100(B) indicates the General Assembly's intent to "apply this filing requirement only to actions brought against individual persons—not to actions brought against the corporation or other business entit[y] by which those individuals are employed . . . ." *Id.* Because KFC brought this professional negligence claim against ETS, rather than against an individual professional person, section 15-36-100(B)'s contemporaneous-filing requirement simply does not apply, and ETS' motion must be denied.[1]

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that ETS' motion is **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**November 30, 2016**
**Charleston, South Carolina**

---

1. ETS has made no other arguments for dismissal.

4